**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **TERRY L. HARDIN** | § | |
| | § | |
| **v.** | § | **NO. 1:10-CV-596** |
| | § | |
| **CHRISTUS HEALTH SOUTHEAST** | § | |
| **TEXAS ST. ELIZABETH** | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES**
**MAGISTRATE JUDGE**

The court referred this *pro se* employment discrimination case to the Honorable Earl S. Hines,

United States magistrate judge, for all pretrial matters pursuant to General Order 05-07.  On August

4, 2011, the case was reassigned to the Honorable United States Magistrate Judge Zack Hawthorn.

The court has received and considered the report (Docket No. 29) of the magistrate judge, who

recommends that the court grant Defendant CHRISTUS Health Southeast Texas's *d/b/a St. Elizabeth*

*Hospital* (CHRISTUS) "Motion for Summary Judgment" (Docket No. 23) and dismiss Plaintiff Terry

L. Hardin's (Hardin) claims.  On January 31, 2012, Hardin filed a timely "Objection" (Docket No. 32)

to the magistrate judge's report and recommendation.  For the reasons stated below, Hardin's

Objection is overruled, the magistrate judge's report and recommendation is adopted, CHRISTUS'

summary judgment motion is granted, and Hardin's claims are dismissed.

**I.  Background**

The magistrate judge liberally construed Hardin's pleadings and perceived the following

allegations:

(1) disability discrimination under the Americans with Disabilities Act of 1990 (ADA);
(2) age discrimination under the Age Discrimination in Employment Act of 1967
(ADEA); (3) gender discrimination under Title VII of the Civil Rights Act of 1965
(Title VII); (4) retaliation under the ADA, Title VII, and the ADEA; and (5) hostile
work environment under Title VII and the ADEA.

(Report and Recommendation 2, Docket No. 29.)  In its motion for summary judgment, CHRISTUS argues that there is no evidence to support these claims, and the magistrate judge agreed with CHRISTUS in the report and recommendation.  (<u>Id.</u> at 8-22.)  CHRISTUS also argues that Hardin is potentially alleging claims for retaliation under Texas law and that these claims should be dismissed for lack of evidentiary support.  (Def.'s Reply 7-10, Docket No. 25.)  In the report and recommendation, the magistrate judge concluded that Hardin does not allege claims for retaliation under Texas law because "Hardin's pleadings do not contain any facts or allegations to support these potential claims."  (Report and Recommendation 2, Docket No. 29.)  Nonetheless, in a footnote, the magistrate judge stated that if such claims were before the court, they should be dismissed because Hardin failed to produce any evidence demonstrating that CHRISTUS retaliated against him for reporting a safety or ethical violation.  (<u>Id.</u> at 2 & n. 5, 6.)

Hardin filed an Objection to the magistrate judge's report and recommendation.  It is largely incoherent and unintelligible, consisting of handwritten portions and typewritten text that have been copied and pasted from other documents (the magistrate judge's report and recommendation, CHRISTUS' summary judgment motion, the transcript from Hardin's deposition, the Order Governing Proceedings (Docket No. 14), and other documents of unknown origin).  (<u>See</u> Objection, Docket No. 32.)   A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those portions of the report to which the party specifically objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  "Frivolous, conclusive[,] or general objections need not be considered by the district court."  <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987) (quoting <u>Nettles v. Wainwright</u>, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).  Hardin does not identify any specific issue of law or fact,

among those set forth in the magistrate judge's report and recommendation, with which he disagrees. Nevertheless, construing Hardin's response liberally, the court concludes that it might be possible to construe four objections to the magistrate judge's report and recommendation: (1) there is evidence supporting his claims for discrimination and retaliation under the ADA, Title VII, and the ADEA; (2) there is evidence supporting his claims for hostile work environment under Title VII and the ADEA; (3) he alleges claims for retaliation under Texas law that the magistrate judge failed to consider; and (4) he was prejudiced by CHRISTUS' alleged failure to cooperate with discovery. (Id. at 2, 6, 9.)

Pursuant to Hardin's objections, the court has conducted a de novo review of the above issues.  See 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(3).  After careful consideration, the court concludes that the magistrate judge correctly determined that CHRISTUS' motion for summary judgment should be granted and that Hardin's claims should be dismissed.  Accordingly, Hardin's objections are without merit.

## I. Discrimination and Retaliation Claims Under Federal Law

First, Hardin argues that there is evidence supporting his discrimination and retaliation claims under the ADA, Title VII, and the ADEA.  In his Objection, Hardin attempts to provide evidence of these claims by circling the printed names "Ben Taub General Hospital" and "CHRISTUS St. Elizabeth's" on a partial document that he copied and pasted into his pleading. (See Objection 9, Docket No. 32.)  The document is of unknown origin, but it appears to be a flyer from The Texas Peer Assistance Program for Nurses.  (See id.)  The document was not included in Hardin's "Response" (Docket No. 24) to CHRISTUS' summary judgment motion.  Hardin argues

that the document shows that a similarly situated employee was treated more favorably by CHRISTUS – that this employee was not terminated for failing a drug screen.  (See id. at 8.)

Hardin's evidence does not establish a *prima facie* case of discrimination or retaliation under the above statutes.  The document identifies a hospital rather than a person, and therefore, does not show that Hardin was replaced by someone outside his protected group, treated less favorably than other similarly situated employees outside the protected group, or discharged because of his protected trait.  See Phillips v. Leggett & Platt, Inc., 658 F.3d 452, 455 (5th Cir. 2011); EEOC v. Chevron Phillips Chem. Co., 570 F.3d 606, 615, (5th Cir. 2009); McCoy v. City of Shreveport, 492 F.3d 551, 556 (5th Cir. 2007).  Likewise, as the magistrate judge correctly noted, during Hardin's deposition, he testified that he was not terminated because of his protected traits, and he "was unable to identify a single employee who CHRISTUS treated differently than him."  (Report and Recommendation 17, Docket No. 29.)  Accordingly, there is no summary judgment evidence supporting Hardin's claims for discrimination and retaliation.  Hardin's first objection is without merit.

Second, Hardin argues that there is evidence supporting his claims for hostile work environment under Title VII and the ADEA.  In his Objection, Hardin intermittently copies and pastes portions of his deposition transcript, circling and highlighting purportedly relevant testimony.  (See Objection 13-18, Docket No. 32.)  The magistrate judge previously considered these deposition excerpts and correctly concluded that the complained-of comments[1] could not support Hardin's claims.  (Report and Recommendation 19-21, Docket No. 29.)  None of the comments refer to

---

[1]  The comments consisted of the following: "Oh, you're just a male."; "Oh, we know how you are."; "Would you like to have sex?"; "Would you like some of this?"; and "Oh, I'm really worried about Terry [Hardin] being in a room with a female."  (Def.'s Mot. Summ. J., Ex. A. 73:7-23, 76:13-22, Docket No. 23.)

Hardin's age, so there is no evidence of hostile work environment under the ADEA.  See Dediol v. Best Chevrolet, Inc., 655 F.3d 435, 441 (5th Cir. 2011).  Moreover, the comments referring to Hardin's gender were not objectively offensive – the comments were not severe or physically threatening and they did not interfere with Hardin's work performance.  See Hockman v. Westward Commc'ns, LLC, 407 F.3d 317, 325 (5th Cir. 2004).  Likewise, the comments were not subjectively abusive because Hardin testified that only one of the comments really bothered him and that statement did not strictly concern his gender.  (See Def.'s Mot. Summ. J., Ex. A. 76:13-22.) Therefore, the second objection is without merit.

## II.  Whistleblower Claims Under Texas Law

Third, Hardin objects to the report and recommendation on the grounds that the magistrate judge misconstrued his claims.  In his Complaint, Hardin states "I believe I was fired unjustly by [CHRISTUS] because of my age, sex and disability."  (Compl. 5, Docket No. 1.)  Accordingly, CHRISTUS' summary judgment motion focuses primarily on the ADA, Title VII, and the ADEA. However, CHRISTUS also argues that if Hardin alleges additional claims under Texas's whistleblower laws, those claims should be dismissed because the claims are not supported by the evidence.  (Def.'s Reply 7-10, Docket No. 25.) The magistrate judge liberally construed Hardin's pleadings and concluded that Hardin does not allege whistleblower claims under Texas law.  (Report and Recommendation 2, Docket No. 29.)  Nonetheless, the magistrate judge stated that if such claims were before the court, they should be dismissed because Hardin failed to produce any evidence demonstrating that CHRISTUS retaliated against him for reporting a safety or ethical violation.  (Id. at 2 & n. 5, 6.)

The magistrate judge correctly concluded that such claims were not before the court. Hardin's Complaint makes no mention of reporting any safety or ethical violations during his employment at CHRISTUS.  In Hardin's subsequent pleadings – "Response to Summary Judgment Motion" and "Objection" – he appears to reference such protected activity, but the allegations are unclear because they are apparently contained in text that he has copied and pasted from other documents.  (See P's Resp. Def.'s Mot. Summ. J., Ex. 1 14, 21. Ex. 3, 4, 11, Docket No. 24; Objection 5, Docket No. 32.)  If Hardin engaged in protected activity during his employment, the court is unable to ascertain the nature of this activity or when it occurred.

Moreover, the magistrate judge correctly concluded that the court should dismiss the whistleblower claims, if any are alleged by Hardin.  The Texas Health and Safety Code and the Texas Occupations Code specifically prohibit retaliation by a hospital.  See Tex. Health & Safety Code Ann. § 161.134; Tex. Occ. Code Ann. § 301.413.  The Texas Government Code prohibits retaliation by a local government or a state government entity.  See Tex. Gov't Code Ann. §§ 554.001(2), (4), (5); 554.002; City of Roman Forest v. Stockman, 141 S.W.3d 805, 809 (Tex. App.–Beaumont 2004, no pet.).

A general causation ("but-for") standard applies to whistleblower claims under Texas law. Tomhave v. Oaks Psychiatric Hosp., 82 S.W.3d 381, 385 (Tex. App.–Austin 2002, pet. denied) (citing Tex. Dep't of Human Serv's v. Hinds, 904 S.W.2d 629, 636 (Tex. 1995)), overruled on other grounds by Binur v. Jacobs, 135 S.W.3d 645, 651 n.11 (Tex. 2004).  Causation may not be inferred without some evidence to support the finding.  City of El Paso v. Parson, 353 S.W.3d 215, 226 (Tex. App.–El Paso 2011, no pet.) (discussing § 554 of the Texas Government Code).  "[E]vidence that an adverse employment action was preceded by a superior's negative attitude toward an employee's

report of illegal conduct is not enough, standing alone, to show a causal connection between the [adverse employment action and the reporting of the illegal conduct.]"  City of Fort Worth v. Zimlich, 29 S.W.3d 62, 70 (Tex. 2000).

There is no summary judgment evidence demonstrating that CHRISTUS would not have terminated Hardin's employment on January 4, 2010, but for Hardin's protected activity, if any. See Hinds, 904 S.W.2d at 636.  Instead, the summary judgment evidence shows that CHRISTUS terminated Hardin's employment because he failed a drug screen by testing positive for marijuana. (Def.'s Mot. Summ. J., Exs. C, D, F, H, Docket No. 23.)  Furthermore, Hardin cannot state a claim for relief under the Texas Government Code because CHRISTUS is not a local government nor a state governmental entity and because Hardin was not a public employee.  See Tex. Gov't Code Ann. §§ 554.001(2), (4), (5); 554.002; City of Roman Forest v. Stockman, 141 S.W.3d 805, 809 (Tex. App.–Beaumont 2004, no pet.).  For these reasons, even if Hardin alleges retaliation claims under Texas law, his third objection is without merit.

### III.  Alleged Failure to Cooperate With Discovery

Finally, Hardin complains of CHRISTUS' alleged failure to cooperate with discovery, but he fails to explain why CHRISTUS is at fault.  (Objection 2, Docket No. 32.)  The court suspects that Hardin's complaint relates to a pleading entitled "Motion to Compel" (Docket No. 28), filed December 7, 2011.  In that pleading, Hardin confuses CHRISTUS' burden under the *McDonnell-Douglas* framework with its general burden to comply with proper discovery requests under the Federal Rules of Civil Procedure.  (See Docket No. 28.)  Hardin does not make any discovery requests nor does he identify any discovery that CHRISTUS has failed to produce.  (See id.)  The pleading was also untimely – the parties' discovery deadline was November 22, 2011.  (See

Scheduling Order, Docket No. 21.)  The court is unable to ascertain any prejudice suffered by

CHRISTUS' alleged failure to cooperate in discovery, so Hardin's fourth objection is without merit.[2]

### IV.  Conclusion

It is **ORDERED** that Hardin's "Objection" (Docket No. 32) is **OVERRULED**, the

magistrate judge's report and recommendation (Docket No. 29) is **ADOPTED**, CHRISTUS'

summary judgment motion (Docket No. 23) is **GRANTED**, and Hardin's claims are **DISMISSED**

**with prejudice**.

So **ORDERED** and **SIGNED** this **8**   day of **March, 2012.**

_Ron Clark_

_____

Ron Clark, United States District Judge

---

[2] On February 8, 2012, Hardin filed "Objections" (Docket No. 36) to the magistrate judge's order denying his Motion to Compel (Docket No. 28).  In the Objections, Hardin vaguely suggests that he is also asserting claims based on his alleged unionization efforts.  (Objections 12-17, Docket No. 36.)  Hardin did not assert these claims in his Complaint nor did he discuss them in his Objection to the magistrate judge's report and recommendation.  The National Labor Relations Act (NLRA) guarantees employees the right to engage in concerted activity and prohibits employers from interfering with or retaliating against concerted activities.  29 U.S.C. §§ 156, 157; see also Tellepsen Pipeline Servs. Co. v. NLRB, 320 F.3d 554, 565 (5th Cir. 2003) (explaining the standard for unlawful discharge); Valmont Indus. v. NLRB, 244 F.3d 454, 463 (5th Cir. 2001) (summarizing §§ 7 and 8 of the National Labor Relations Act); Mobil Exploration & Producing US, Inc. v. NLRB, 200 F.3d 230, 238-39 (5th Cir. 1999) (defining "concerted activity").  Generally, the National Labor Relations Board (NLRB) has the sole authority to prosecute charges under the NLRA.  See 29 U.S.C. § 160(b); but see § 187(b) (authorizing a private cause of action for actions against a labor organization).  The NLRB is not asserting any claims against CHRISTUS in this lawsuit. Furthermore, even if Hardin could assert a private cause of action under the NLRA, there is no evidence indicating that CHRISTUS acted unlawfully with respect to Hardin's alleged unionization efforts, if any.  Accordingly, to the extent that Hardin alleges claims under the NLRA, such claims are dismissed.